IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PFLIPSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:20-cv-01325 |
| G G R FOOD SERVICE, LP d/b/a | ) | |
| CHURCH'S TAKE OUT, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, RYAN PFLIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendant G G R FOOD SERVICE, LP d/b/a CHURCH'S TAKE OUT, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff RYAN PFLIPSEN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

(Bexar County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7. Defendant G G R FOOD SERVICE, LP d/b/a CHURCH'S TAKE OUT (hereinafter "G G R FOOD SERVICE") is a Texas for limited liability company that transacts business in the state of Texas and within this judicial district.

8. G G R FOOD SERVICE may be properly served with process via its registered agent for service, to wit: Terlochan Singh, 2026 S. Alamo, San Antonio, Texas 78204.

**FACTUAL ALLEGATIONS**

9. On or about November 7, 2020, Plaintiff was a customer at "Church's Chicken Take Out" a business located at 7003 Bandera Road, San Antonio, Texas 78238, referenced herein as the "Church's Chicken."

10. G G R FOOD SERVICE is the owner or co-owner of the real property and improvements that the Church's Chicken is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives approximately 7 miles from the Church's Chicken and Property.

12. Plaintiff's access to the business(es) located at 7003 Bandera Road, San Antonio, Bexar County Property Identification number 227389 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Church's Chicken and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends to revisit the Church's Chicken and Property to purchase goods and/or services.

15. Plaintiff travelled to the Church's Chicken and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Church's Chicken and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Church's Chicken and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the

discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. The Church's Chicken is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25. The Church's Chicken must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Church's Chicken and the Property in his capacity as a customer of the Church's Chicken and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Church's Chicken and Property that preclude and/or limit his access to the Church's Chicken and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Church's Chicken and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Church's Chicken and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Church's Chicken and Property that preclude and/or limit his access to the Church's Chicken and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Church's Chicken and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Church's Chicken and Property, including those specifically set forth herein, and make the Church's Chicken and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or

limited Plaintiff's access to the Church's Chicken and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Church's Chicken and Property include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i) The accessible parking space does not have a marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii) The accessible parking space is missing an identification sign in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(iii)   Accessible parking space has a running slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and is not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)   The accessible parking space is not on an accessible route, this is a violation of section 208.3.1 of the 2010 ADAAG Standards.  This lack of an accessible route is caused by the improper configuration of the surrounding parking spaces and a lack of an access aisle not providing a minimum clear width to the nearby accessible ramps.  Moreover, one of the accessible ramps lacks a clear and level landing making that particular ramp in accessible.

(v) The parking spaces are improperly designed so that cars and vans, when parked, obstruct the required clear width of adjacent accessible routes leading from the only accessible parking space on the Property in violation of section 502.7 of the 2010 ADAAG standards. Here, due to the configuration of the parking space adjacent to the accessible parking space, the nearest accessible ramps are blocked when a vehicle parks next to the accessible parking space.

(vi) There is a vertical rise with a height exceeding ¼ inch at the base of the accessible ramp directly NE of the accessible parking space in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(vii) Due to the presence of a large container/box, the landing at the top of the accessible ramp directly NE of the accessible parking space does not have a clear and level 36 (thirty-six) inch space at the landing of this ramp in violation of section 406.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to access the Property.

(viii) The accessible ramp directly NE of the accessible parking space has a slope exceeding 1:10 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(ix) The accessible ramp directly NE of the accessible parking space lacks finished edges or edge protection and/or is otherwise in violation of section

405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(x) The accessible ramp directly SW of the accessible parking space has a slope exceeding 1:10 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)   The accessible ramp directly SW of the accessible parking space lacks finished edges or edge protection and/or is otherwise in violation of section 405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xii)   The accessible ramp directly SE of the accessible parking space protrudes into the accessible parking space causing the accessible parking space to be unlevel and have a surface slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards.  This is also a violation of section 406.5 of the 2010 ADAAG Standards as curb ramps are not permitted to project into parking spaces.  This violation would make it difficult and dangerous for Plaintiff to travel from the accessible parking space to the interior of the Church's restaurant.

(xiii)   There is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of section 404.2.5 of the 2010 ADAAG standards. Not all entrance doors and doorways comply with section 404 of the 2010 ADAAG standards, this is a

violation of section 206.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(xiv) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b)     CHURCH'S CHICKEN RESTROOMS**

(i) The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards in that the door requires twisting of the wrist to open. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The grab bars/handrails adjacent to the commode are missing and therefore violate section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The hand operated flush control is not located on the open side of the accessible toilet in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) Restrooms have a sink with inadequate knee and toe clearance, due to the height of the sink, in violation of section 306 of the 2010 ADAAG standards.

This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The door of the restroom lacks a clear minimum maneuvering clearance, due to a policy of storing equipment in the maneuvering clearance of the door, in violation of section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xv) Due to the items stored near the restroom door, the door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom individuals.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Church's Chicken and Property.

33. Plaintiff requires an inspection of Church's Chicken and Property in order to determine all of the discriminatory conditions present at the Church's Chicken and Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Church's Chicken and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Church's Chicken and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Church's Chicken and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38. Upon information and good faith belief, the Church's Chicken and Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Church's Chicken and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Church's Chicken and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Church's Chicken in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Church's Chicken to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 12, 2020.

Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*

Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com